UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL KELSEY,

Plaintiff,

v.

PITSCH COMPANIES
d/b/a Pitsch Wrecking,

Defendant.
_______________________________/

Case No. 1:13-cv-1296

HON. JANET T. NEFF

**OPINION**

Pending before the Court is Plaintiff's "Motion for Partial Summary Disposition" (sic, "Summary Judgment") (Dkt 30). Defendant has filed a Response (Dkt 31) opposing the motion and requesting summary judgment in Defendant's favor pursuant to FED. R. CIV. P. 56(f)(1). Plaintiff has filed a Reply (Dkt 29). Having fully considered the parties' briefs, and accompanying exhibits, the Court finds that the facts and arguments are adequately presented in these materials and that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d). For the reasons that follow, the Court determines that Plaintiff's motion is properly granted; Defendant's request for summary judgment is accordingly denied.

**I. Facts**

The essential facts are not in dispute. Plaintiff entered into a contract with Defendant to pay $14,477.03 for demolition of a house. Plaintiff owed Defendant a balance for the demolition, and sometime prior to April 23, 2013, he authorized an electronic withdrawal from his brokerage account by Defendant. Defendant subsequently debited Plaintiff's account on April 23, 2013, on

May 30 and 31, 2013 and on June 1, 2013 in amounts of $2,000 each, for a total of $8,000. Defendant ultimately returned the monies to Plaintiff and obtained a state court judgment against Plaintiff for $6,691.64. Plaintiff filed this action alleging that the debits by Defendant were "unauthorized electronic transfers," in violation of the Electronic Fund Transfer Act (EFTA), 15 U.S.C. § 1601 *et seq*., and seeking statutory damages. Plaintiff moves for partial summary judgment on the issue of liability.

**II. Legal Standard**

A party may move for partial summary judgment, identifying the part of each claim on which summary judgment is sought. FED. R. CIV. P. 56(a). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* The court must consider the evidence and all reasonable inferences in favor of the nonmoving party. *Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013); *U.S. S.E.C. v. Sierra Brokerage Servs.*, *Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (citation omitted).

The moving party has the initial burden of showing the absence of a genuine issue of material fact. *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 200 (6th Cir. 2010). The burden then "shifts to the nonmoving party, who must present some 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "There is no genuine issue for trial where the record 'taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Burgess,* 735 F.3d at 471 (quoting *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The ultimate inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law.'" *Sierra Brokerage Servs.*, 712 F.3d at 327 (quoting *Anderson,* 477 U.S. at 251-52).

**III. Analysis**

Plaintiff seeks judgment on the issue of Defendant's liability for violation of the EFTA by charging Plaintiff's debit card without permission. The EFTA governs electronic cash transactions. *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1328 (7th Cir. 1997). Plaintiff asserts that as noted in *Bass, id.*:

> the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. sec. 1693– 1693r … protects consumers by providing a "basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. sec. 1693(b). Electronic Fund Transfers covered by the Act have three components: 1) a transfer of funds; 2) that is initiated by electronic means, and 3) debits or credits a consumer account. Noticeably absent is any requirement that, to be covered by the EFTA, the transfer must relate to a credit-based transaction.

(Footnote omitted). Plaintiff argues that liability under the EFTA is governed by 15 U.S.C. § 1693e, which requires that transfers must be authorized in writing, and that Plaintiff did not provide written authorization for Defendant's transfers of funds from Plaintiff's account. And although Defendant asserts that it provided written notice of its intent to transfer funds, that fails to meets the requirements of the Act.

Defendant advances two arguments against liability for the alleged statutory violations, neither of which the Court finds persuasive. Defendant first contends that the EFTA does not apply to credit card transactions, and Defendant believed it was charging a credit card and not a debit card; thus, there is no evidence of an intentional violation as required by 15 U.S.C. § 1693m(c).

Defendant correctly observes that courts have held that the EFTA does not apply to credit card transactions. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 560 (9th Cir. 2010) (citing *Bass*,

111 F.3d at 1328 (noting that the EFTA governs "electronic cash transactions" and is "void of any credit reference or requirement")). However, here it is undisputed that Defendant did not effect a credit card transaction, but instead a debit transaction; thus, the EFTA clearly applies.

Defendant nonetheless contends that because it believed it was making a credit card charge[1] as opposed to a debit transaction, its violation of the EFTA was unintentional and Defendant is thus not liable for damages pursuant to subsection 1693m(c) of the Act, which provides:

> (c) Unintentional violations; bona fide error
>
> Except as provided in section 1693h of this title, a person may not be held liable in any action brought under this section for a violation of this subchapter if the person shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Defendant makes no argument and has presented no evidence to establish that its violation of the EFTA "resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error" to meet the requirements of subsection 1693m(c). Defendant's evidence of its mere belief that it was effecting a credit card charge does not negate or excuse the violation of the EFTA, particularly where Defendant had previously effected a debit from Plaintiff's same account. This defense fails.

Defendant's second argument relies on the doctrine of res judicata to contend that Plaintiff's EFTA claim is barred because it was previously raised as a counterclaim in the state court case and dismissed. And although the state court dismissed the EFTA counterclaim *without prejudice*,

---

[1]Defendant has submitted a May 17, 2013 letter it sent to Plaintiff that refers to his card as a "credit card" and an affidavit from Defendant's employee recounting the events leading to the transactions and stating that she believed Plaintiff had acquiesced to the payment by his "credit card" by his lack of objection or response to the letter (Def. Br., Exs. 1-2).

Defendant argues that it should have been dismissed *with prejudice* as a decision on the merits under MICH. CT. R. 2.116(C)(8). Contrary to Defendant's assertions, the record indicates that Defendant sought and obtained dismissal of Plaintiff's EFTA counterclaim in the state district court pursuant to MICH. CT. R. 2.116(C)(4) for lack of jurisdiction "to grant relief under a federal statute," not for failure to state a claim under Rule 2.116(C)(8) (Def. Reply, Exs. 1, 2) The order drafted and submitted to the state court by Defendant states that the dismissal was without prejudice (*id.*). Defendant's cursory argument establishes no legal or factual basis for the bar of res judicata.

**IV. Conclusion**

Plaintiff's motion for partial summary judgment on the issue of liability is granted. Defendant's request for summary judgment is denied.

An Order will be entered consistent with this Opinion.

Dated: June 8 , 2015

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge